IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GLORIA A. WADE, | ) |
| | ) |
| v. | ) 3:06-1080 |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security. | ) ) |

**ORDER**

Despite the unnecessary sarcasm of Plaintiff's counsel, Mr. George, he is correct in insisting that this holding of the Administrative law Judge must be reversed. The Administrative Law Judge accorded "little weight" to the opinions of Dr. Willard West with regard to Plaintiff's physical limitations. There was no evidence in the record of any contrary opinion on the effect of Plaintiff's obesity, fibromyalgia, asthma, her lower back pain, her arthritis and COPD. Dr. West was Plaintiff's treating physician who had seen her on a monthly basis for almost two years. He made an assessment based on these physical problems in conjunction with her depression, bipolar disorder, suicidal ideations, and anxiety. The treating physician rule, although not given controlling weight, at the very least should have triggered a consultative examination.

The agency did not refer Plaintiff to a medical consultant at the initial or reconsideration levels. The Administrative Law Judge did not order any consultative physical examination.

Plaintiff's Motion for Judgment on the Record, Document #33, is **GRANTED** to the extent that this case is **REVERSED** and **REMANDED** to the Secretary to be referred to a different Administrative Law Judge for a rehearing at which a consultative examination of Plaintiff which considers the combined effect of her physical and mental problems, her low GAF scores, her decomposition episodes and suicidal ideations.

It is so **ORDERED**.

_____
Thomas A. Wiseman, Jr.
Senior U.S. District Judge